**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. SACV 11-1846 DOC (ANx)                      Date: April 26, 2012

Title: RESEARCH AFFILIATES, LLC -V- WISDOMTREE INVESTMENTS, INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                             NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING WITHOUT PREJUDICE MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court is a Motion for Judgment on the Pleadings (Docket 20) filed by WisdomTree Investments, Inc., WisdomTree Trust, WisdomTree Asset Management, Inc., WisdomTree Retirement Services, Inc., Mellon Capital Management Corp., and ALPS Distributors, Inc. (collectively, "Defendants"). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. After considering the moving, opposing and replying papers, and for the reasons discussed below, the Court hereby DENIES WITHOUT PREJUDICE the Motion for Judgment on the Pleadings.

Defendants seek judgment on the pleadings based upon the allegation that Plaintiff's asserted claims from the patents in question are nothing more than abstract ideas and, as such, are unpatentable subject matter pursuant to Section 101 of the Patent Statute. *See* 35 U.S.C. § 101 ("Section 101"). The Federal Circuit's recent decision in *MySpace v. Graphon Corp.,* 672 F.3d 1250 (Fed. Cir. 2012), makes clear that courts should refrain from ruling on Section 101 invalidity challenges until other validity issues are resolved. In *MySpace*, the Federal Circuit analogized to the Supreme Court's practice of deciding issues on narrow statutory grounds, where possible, rather than deciding issues on broad constitutional grounds and urged courts to follow that lead and "avoid reaching for interpretations of broad provisions, such as § 101 when more specific statutes, such as § § 102, 103, and 112, can decide the case." *Id.* at 1260-61. In so holding, the Federal Circuit characterized Section 101 as a "swamp of verbiage" and a "murky morass," noting that Federal Circuit judges themselves still vigorously disagree

over the scope of patentable subject matter. *Id.* at 1259-60. On the other hand, "[i]n each of sections 102, 103, and 112, the validity issue turns on whether one or more of the particular claims in the patent are rendered invalid by the specific criteria of the statutory section as applied to that claim" and those "criteria are well developed and generally well understood." *Id.* at 1260. As such, courts are strongly encouraged to first resolve validity issues on those well-established grounds instead of on the broad, controversial Section 101 analysis.

Here, Defendants also allege invalidity under Sections 102, 103, and 112. *See* Answer, Docket 14. As such, this Court will follow the Federal Circuit's sage advice and first determine potential invalidity under those clear and well-understood sections before, if need be, delving into Section 101. This case is not the "rather unusual and infrequent circumstance" where it is "clear and convincing beyond peradventure - that is, under virtually any meaning of 'abstract' - that the claim at issue is well over the line" such that it is not appropriate to decide the Section 101 issue at this early stage in litigation. *Id.* at 1261. Defendants are free to reassert the claim of unpatentable subject matter at the time of the summary judgment motions regarding invalidity under Sections 102, 103 and 112. For the time being, however, the Motion for Judgment on the Pleadings is DENIED WITHOUT PREJUDICE.

        The Clerk shall serve this minute order on all parties to the action.