DAVID S. STEUER, SBN 127059
dsteuer@wsgr.com
WILSON SONSINI GOODRICH &
ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100

NATALIE J. MORGAN, SBN 211143
nmorgan@wsgr.com
WILSON SONSINI GOODRICH &
ROSATI, P.C.
12235 El Camino Real, Suite 200
San Diego, CA 92130
Telephone:  (858) 350-2303
Facsimile:   (858) 350-2399

JOSE C. VILLARREAL (*pro hac vice*)
jvillarreal@wsgr.com
BRIAN D. RANGE (*pro hac vice*)
brange@wsgr.com
ADEN M. ALLEN (*pro hac vice*)
aallen@wsgr.com
ROBERT A. DELAFIELD II (*pro hac
vice*)
bdelafield@wsgr.com
WILSON SONSINI GOODRICH &
ROSATI, P.C.
900 South Capital of Texas Hwy
Las Cimas IV, Fifth Floor
Austin, TX 78746
Telephone:  (512) 338-5400
Facsimile:   (512) 338-5499

Attorneys for Plaintiff and Counterdefendant
RESEARCH AFFILIATES, LLC

J. Anthony Downs (*pro hac vice*)
jdowns@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, MA 02109
Tel.: 617.570.1000
Fax: 617.523.1231

Peter J. Wied (SBN 198475)
*pwied@goodwinprocter.com*
GOODWIN PROCTER LLP
601 S. Figueroa Street, 41st Floor
Los Angeles, CA  90017
Tel.: 213.426.2500
Fax:  213.623.1673

Stephen Schreiner (*pro hac vice*)
sschreiner@goodwinprocter.com
Ce Li (*pro hac vice*)
cli@goodwinprocter.com
GOODWIN PROCTER LLP
901 New York Avenue NW
Washington, DC 20001
Tel.: 202.346.4000
Fax: 202.346.4444

Michael S. DeVincenzo (*pro hac vice*)
mdevincenzo@goodwinprocter.com
GOODWIN PROCTER LLP
629 Eighth Avenue
New York, NY 10018-1405
Tel: 212.813.8800
Fax: 212.355.3333

Attorneys for Defendants and
Counterplaintiffs
WISDOM TREE INVESTMENTS,
INC.; WISDOM TREE TRUST;
WISDOM TREE ASSET
MANAGEMENT, INC.; WISDOM
TREE RETIREMENT SERVICES,
INC.; MELLON CAPITAL
MANAGEMENT CORP.; and ALPS
DISTRIBUTORS, INC.

1

# UNITED STATES DISTRICT COURT

2

## CENTRAL DISTRICT OF CALIFORNIA

3

### SOUTHERN DIVISION

4

| | |
|---|---|
| 5  Research Affiliates, LLC, | Case No. SACV11-01846 DOC (ANx) |
| 6          Plaintiff, | **[PROPOSED] STIPULATED** |
| 7  | **PROTECTIVE ORDER** |
| 8      v. | Judge:  Hon. David O. Carter |
| 9  Wisdom Tree Investments, Inc., | Complaint Filed: December 1, 2011 |
| 10  Wisdom Tree Trust, Wisdom Tree Asset | |
|     Management, Inc., Wisdom Tree | |
| 11  Retirement Services, Inc., Mellon | |
|     Capital Management Corp., and ALPS | |
| 12  Distributors, Inc., | |
| 13  | |
| 14          Defendants. | |
| 15  | |
| 16  AND RELATED COUNTERCLAIMS. | |
| 17  | |

18

19

20

21

22

23

24

25

26

27

28

# STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order ("Order") is entered into by the Parties to the above-captioned Action.  It extends to any actions that are consolidated, transferred to, or joined with the above-captioned Action after the date of this Order.

The Order is intended to protect from disclosure documents and information the Parties deem to be confidential.  Documents and information so designated may only be disclosed or used as further provided herein.  Nothing herein is intended to affect the relevance, discoverability, or admissibility into evidence of any documents or information produced during discovery in the Action.  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between all Parties to the Action, through their respective counsel and subject to the approval of this Court, that this Protective Order be entered in this Action.

**Good Cause Statement**

The Parties believe that good cause exists for the entry of this Order because they are competitors in the marketplace and because materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE" constitute trade secret or other confidential information the disclosure of which is likely to have the effect of harming the competitive position of the Producing Party or violating an obligation of confidentiality to a third party.

STIPULATED, AGREED, AND ORDERED:

1.	**Application.**  This Order governs the production or exchange of documents and other discovery materials in connection with the above-captioned Action by or between the Parties and any third parties, either through the formal discovery process or informally.  If discovery is sought from third parties in connection with this litigation between the Parties, and this discovery would require a third party to disclose and/or produce Confidential or Highly Confidential

1   Information, that third party may gain the protections of this Order through a written
2   agreement by that third party to produce documents or information pursuant to this
3   Order and to be bound by it.  Under such agreement, the Parties hereto will be
4   bound by this Order with respect to all Confidential or Highly Confidential
5   Information produced by that third party.

6   **2.** **Non-Disclosure.** This Order is applicable to the Parties and to any
7   third parties who produce or receive documents in connection with the Action, and
8   the representatives, agents, retained experts and consultants, and employees of the
9   Parties or third parties.

10   **3.** **Confidential Information.** Upon a determination by any Party or
11   third party producing information (the "Producing Party" or "Designating Party") to
12   a Party receiving such information (the "Receiving Party") that any document or
13   thing being produced or disclosed in connection with the Action, whether formally
14   or informally, including, but not limited to,

15         a.   Court filings;
16         b.   initial and supplemental disclosures;
17         c.   disclosures set out in any scheduling order;
18         d.   answers to interrogatories;
19         e.   documents;
20         f.   transcripts of depositions; and
21         g.   any other discovery or disclosure

22   contains information that the Producing Party believes in good faith to constitute or
23   embody confidential information pertaining to its business (including matters that
24   may have been disclosed to third parties, who are not under obligations of
25   confidentiality, but not to the public generally), the Producing Party may designate
26   such document, material, or thing "Confidential" ("Confidential Information").  The
27   Confidential Information designation may be used for sensitive technical, financial,
28   competitive, or personnel information, which is not generally known by third parties

1   and that the Producing Party would not normally reveal to third parties or would

2   cause third parties to maintain in confidence either by agreements, policies, or

3   procedures.  For example, Confidential Information may include, but is not limited

4   to, materials such as design files, design drawings, design specifications,

5   manufacturing techniques, laboratory notebooks, prototypes, materials submitted to

6   regulatory agencies, financial and accounting information that is not made publicly

7   available, business and marketing plans or analyses, surveys, customer

8   communications, meeting minutes, employment records, training materials, and

9   similar information provided that the materials meet the foregoing requirements.

10  Materials that have been made publicly available at any time are not Confidential.

11      **4.      Highly Confidential: Outside Counsel's Eyes Only Information.**

12  The Parties acknowledge that there will be Confidential Information produced for

13  which a higher level of protection is required; such information may be designated

14  as "Highly Confidential:  Outside Counsel's Eyes Only" (hereinafter, "Highly

15  Confidential Information").  Highly Confidential Information designations should

16  be used only for information that (1) meets the definition of Confidential

17  Information; and (2) is particularly sensitive technical, design, product, product

18  strategy, pricing, strategic pricing, financial, accounting, strategic business, strategic

19  marketing, and other strategic information as well as sensitive agreements and

20  customer information.  The Highly Confidential Information designation is an

21  extraordinary designation and is to be used only in good faith by counsel to protect

22  information that could cause significant injury to the disclosing party if used,

23  misused or further disclosed, even inadvertently, by any person.

24      **5.      Designation.**  The Producing Party shall identify all Confidential or

25  Highly Confidential Information by affixing to it, in a manner that shall not interfere

26  with its legibility, the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL:

27  OUTSIDE COUNSEL'S EYES ONLY" on each page asserted to include such

28  information or on a conspicuous portion of any thing.  Any summary, compilation

1  or copy of any document or thing so designated as Confidential or Highly

2  Confidential shall be treated the same as the underlying document or thing as

3  provided by this Order.

4      The Parties shall put forth a good faith effort in making their confidentiality

5  designations so as to not designate documents and materials that do not qualify for

6  or require Confidential or Highly Confidential treatment.  Where the information is

7  of a nature that a Party could reasonably designate it either Confidential or Highly

8  Confidential, there shall be a presumption that the lower designation shall apply.

9  Where the information is of a nature that a Party could reasonably determine either

10  that no designation is required or that it should be designated Confidential, there

11  shall be a presumption that no designation shall apply.

12      The Confidential or Highly Confidential designation shall, wherever

13  practicable, be made before or at production or disclosure, except in the case of

14  depositions, which shall be designated as set forth in ¶ 20.  If the Producing Party

15  elects to produce documents or other material for inspection, no markings need be

16  made by the Producing Party in advance of the inspection.  But any copies made of

17  selected materials shall bear the appropriate designations.  If Confidential or Highly

18  Confidential Information is produced without being reduced to a documentary,

19  tangible, or physical form that can be conveniently designated, the Producing Party

20  must inform the Receiving Party in writing when this Confidential or Highly

21  Confidential Information is produced.  The Parties shall then confer and agree, in

22  writing, on an appropriate way of designating this material.

23      **6.**     **Disclosure of Confidential Information.**  No Receiving Party

24  receiving any document or thing designated "CONFIDENTIAL" in accordance with

25  ¶ 5 of this Order shall disclose any such Confidential Information to any other

26  person or entity, except to the following:

27          a.     the Court and its personnel;

28          b.     outside counsel of record of the Parties and their necessary

1          clerical and paralegal support personnel, including clerical

2          personnel associated with any outside service providers used to

3          assist in litigation who are providing active assistance with this

4          case;

5    c.    two (2) in-house counsel of the Parties and their necessary

6          clerical and paralegal support personnel, provided that said in-

7          house counsel shall be designated in writing pursuant to the

8          notice and objection procedures set forth in section (j) below and

9          shall execute the attached Confidentiality Agreement and

10         Undertaking before any such disclosure;

11   d.    experts and consultants (and their necessary clerical support

12         personnel) retained by, or at the direction of, counsel for the

13         purpose of advising and assisting such counsel in the preparation

14         or trial of the case.  Disclosures to experts and consultants are

15         subject to ¶¶ 15-16;

16   e.    Court reporters taking testimony involving such information and

17         supporting stenographic, videographic, and clerical personnel;

18   f.    interpreters or translators retained by counsel for the purpose of

19         the case;

20   g.    the person whose testimony is being taken, subject to ¶ 18;

21   h.    Mock jurors and jury consultants who have been engaged by the

22         Parties and/or the consultants in preparation for trial.  For any

23         jury research, an appropriate screening process must be used to

24         assure that the jury consultant(s) and mock jurors selected for

25         any mock jury presentation are not current or former, officers,

26         directors, employees or consultants of any Party or any direct

27         competitors of any Party.  Each jury consultant and/or mock

28         juror must agree in writing to be bound by this order by

1                   executing attached Confidentiality Agreement and Undertaking;

2                   and

3       i.       Such other persons as the Producing Party may, in writing, agree,

4                   or by order of this Court.

5       j.       Parties shall disclose the identities of their designated in-house

6                   counsel ten (10) days prior to granting any such person access to

7                   Confidential material.  Following the receipt of such

8                   designations, the other Parties to this action shall have five (5)

9                   business days to, in written form, object in good faith and/or

10                   request further information on the designated in-house counsel.

11                   Following the period for objection, if no objections are posed

12                   then the information may be disclosed to the designated in-house

13                   counsel.  If objections are lodged, then the interested Parties shall

14                   meet and confer to resolve the objections and if the parties

15                   cannot reach agreement, the information may not be disclosed to

16                   the designated in-house counsel and the Party seeking for its in-

17                   house counsel to have access shall have the burden of seeking

18                   Court intervention.

19      **7.**     **Disclosure of Highly Confidential Information.**  Until or unless the

20 Court rules otherwise, no Party receiving any document or thing designated

21 "HIGHLY CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY" in

22 accordance with ¶ 5 of this Order shall disclose any such Highly Confidential

23 Information to any other person or entity, except to the persons identified in ¶ 6(a)-

24 (b) and (d)-(i), subject to the patent prosecution restrictions set forth in ¶ 32 below.

25 Designated in-house counsel in ¶ 6(c) shall not have access to "HIGHLY

26 CONFIDENTIAL: OUTSIDE COUNSEL'S EYES ONLY."

27      **8.**     **Highly Confidential: Restricted Source Code.**  A Producing Party

28 may specially designate Source Code as "HIGHLY CONFIDENTIAL:

1   RESTRICTED SOURCE CODE" ("Restricted Source Code").  In designating

2   Restricted Source Code, as defined herein and consistent with Federal Rule of Civil

3   Procedure 26(c)(7), the Producing Party will make such designation only as to that

4   information that it has treated as, and in good faith believes should be subject to a

5   heightened standard of confidentiality.  Restricted Source Code shall be subject to

6   all of the provisions of this Order regarding Highly Confidential Information.  To be

7   clear, **designated in-house counsel shall not be permitted access** to Restricted

8   Source Code information.  Restricted Source Code information shall also be subject

9   to the additional restrictions on copying and use as set forth below.  A Receiving

10  Party shall treat information so designated as Restricted Source Code under this

11  Order as soon as a Producing Party so designates the information.  In any event,

12  nothing in this order prevents a Producing Party from agreeing in writing to produce

13  certain Restricted Source Code in a less restrictive manner.

14      **9.**    **Source Code Production.**  The Producing Party will make its

15  Restricted Source Code available for inspection in the manner below in, at the

16  option of the Producing Party, either (a) the Producing Party's counsel's office, or

17  (b) a private room located at an Escrow Agent.  Restricted Source Code may be

18  encrypted if provided through an Escrow Agent.  Such Source Code will be loaded

19  onto at least two (2) password-protected stand-alone computers ("Source Code

20  Computers").  The Source Code Computers shall enable two persons separately to

21  access simultaneously copies of the Restricted Source Code.  The Source Code

22  Computers shall not have any Internet connection, wireless card, floppy drive,

23  writeable compact disc drive, or any other operative connection to which a memory

24  device may be connected, except that each Source Code Computers shall have one

25  port that is connected to a printer.  The Receiving Party agrees not to connect any

26  device to this port except for a printer.  Only outside counsel of record for the

27  Receiving Party, and experts satisfying the conditions in ¶¶ 16-17, shall be granted

28  access to the Source Code Computers.  If the Producing Party provides its Restricted

1   Source Code in an encrypted manner, passphrases for decryption of Restricted

2   Source Code files shall be known by the representatives of the Escrow Agent.  The

3   Source Code Computers shall include software utilities which will allow counsel

4   and experts to view and search the source code.  At a minimum, these utilities

5   should provide the ability to (a) view and search any source file, (b) search for a

6   given pattern of text through a number of files, (c) compare two files and display

7   their differences, and (d) compute the checksum of a file.

8        **10.    Source Code Computers.**  The Source Code Computers, if provided in

9   the Producing Party's counsel's office, shall be maintained in the United States at an

10  agreed upon location.  If provided through an Escrow Agent, the Source Code

11  Computers shall be located with an independent escrow agent at a location that is

12  convenient for the Receiving Party.  All costs of such Escrow Agent, including, but

13  not limited to, any costs related to the review of such Source Code by the Receiving

14  Party, shall be borne equally by the parties.  Whether the Source Code Computers

15  are provided in a Producing Party's counsel's office or through an Escrow Agent, a

16  Source Code Access Log shall be maintained identifying for each and every time

17  any source code is viewed or accessed: (1) the name of each person who accessed

18  the code; (2) the date and time of access; and (3) the length of time of access.  The

19  Receiving Party must provide the Producing Party (and the Escrow Agent if

20  applicable) prior written notice by 10:00 a.m. Pacific time at least two (2) days in

21  advance of an inspection.  Such notice shall include a list of individuals, including

22  attorneys, seeking access to such Source Code Computers.  The Source Code

23  Computers shall be made available during regular business hours (9:00 a.m. to 6:00

24  p.m. local time).  The Receiving Party shall make its best efforts to restrict access to

25  normal business hours but the Producing Party agrees to provide reasonable

26  accommodations for non-business hours access.  The Parties agree to negotiate in

27  good faith an Escrow Agreement setting forth any necessary additional terms

28  regarding the escrowing and inspection of Restricted Source Code.

11. **Printing Restricted Source Code.** Absent the express written permission of the Producing Party, the Receiving Party shall not output any source code information onto any portable, non-portable, or network media from the Source Code Computers by any means even if such means exist on the Source Code Computers, with the limited exception of printing as provided herein. The Source Code Computers shall be able to be connected to a printer. The Producing Party shall provide paper bearing sequential bates numbers, with each page pre-labeled "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE CODE." The Receiving Party agrees to print only those pages it deems in good faith to be relevant to any Party's claims or defenses, but in any event no more than 2500 pages absent the written consent of the Producing Party. Whenever pages of Restricted Source Code are printed, a copy shall be provided of the printed pages to the Producing Party. All pages printed shall be tracked in a Source Code Print Log, which shall identify the section of the Restricted Source Code printed and the associated bates range. The Receiving Party may make copies of the printed pages if it is reasonably believed to be necessary to proving the elements of its case, including but not limited to as necessary for depositions and/or court filings, and shall maintain an access log identifying, with respect to each copy, the individuals accessing the pages. The Parties shall take all reasonable steps to ensure that persons who are not authorized to have access to Restricted Source Code do not, even inadvertently, have access to any printed pages or copies of Restricted Source Code.

12. **Transporting or Exporting Restricted Source Code.** A Producing Party's Restricted Source Code may only be transported within the direct control of a person authorized to receive Restricted Source Code, except for shipments via Federal Express or other similar courier service directly from one person authorized to receive Restricted Source Code to another person authorized to receive Restricted Source Code. Under no circumstances may Restricted Source Code be transmitted electronically except that "HIGHLY CONFIDENTIAL: RESTRICTED SOURCE

1   CODE" materials may be transmitted electronically as necessary for purposes of

2   filing a pleading, motion, or exhibit with the Court in accordance with the

3   procedures set out in ¶¶14-15.

4       **13.    Use of Confidential Information, Highly Confidential Information,**

5   **and Restricted Source Code.**  Receiving Parties are permitted to use Confidential

6   Information, Highly Confidential Information, or Restricted Source Code produced

7   by another Party solely and exclusively for the purpose of litigating the Action.  All

8   other uses, including but not limited to, business uses, litigation uses in connection

9   with other legal actions or matters, and patent prosecution uses, are strictly

10  prohibited, absent written agreement of the Producing Party.  This Order does not

11  restrict in any manner the use or disclosure by any Producing Party of any

12  information in its own documents and things.

13      **14.    Filings with and Presentations to this Court.**  The Parties shall

14  follow the procedures set out in ¶ 15 for any pleading, motion, or exhibit to be filed

15  with the Court or used in open Court that includes or reveals Confidential

16  Information, Highly Confidential Information, or Restricted Source Code.  The

17  Parties agree that such filing does not compromise the Confidential Information,

18  Highly Confidential Information, or Restricted Source Code status of such

19  information.  The Parties agree not to oppose such requests to file under seal and not

20  to seek to have any such filings unsealed unless and until the Court orders that a

21  Party's Confidential Information, Highly Confidential Information, or Restricted

22  Source Code designation should be stricken.  No Confidential Information, Highly

23  Confidential Information, or Restricted Source Code shall be filed with the Court

24  unless they are filed under seal.

25      **15.    Filings with this Court.**  To the extent that any documents or things

26  designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL: OUTSIDE

27  COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL: RESTRICTED

28  SOURCE CODE" are to be filed with the Court, such filing must comply with the

1   requirements of any local rules of the Court, including Local Rule 79-5.1.  Any such

2   application shall be accompanied by an application to file the papers or the portion

3   thereof containing the protected information (if such portion is segregable) under

4   seal.  Each such document and thing shall be filed under seal with the Clerk of the

5   Court in an envelope marked "SEALED."  The cover page of the filed document

6   shall contain the case caption and shall be marked:

7       "CONFIDENTIAL - SUBJECT TO PROTECTIVE
        ORDER:  This envelope contains documents or things that
8       are the subject of a Protective Order of this Court and
        cannot be opened or its contents made available to anyone
9       other than counsel of record for the Parties or Court
        personnel."
10

11      **16.   Disclosure to Experts and Consultants.**  Counsel for the Receiving

12  Party may disclose Confidential Information, Highly Confidential Information, or

13  Restricted Source Code to retained experts and consultants who are actively

14  assisting in the preparation for and/or trial of the case subject to the provisions of

15  this paragraph.  A Party desiring to disclose Confidential Information, Highly

16  Confidential Information, or Restricted Source Code to retained experts or

17  consultants shall first obtain from each such expert or consultant a signed

18  Confidentiality Agreement and Undertaking (attached), a current resume and a list

19  identifying all lawsuits in which such proposed expert or consultant has testified in

20  deposition, hearing or trial for the past four (4) years and a list of the proposed

21  expert's or consultant's consulting work for the past four (4) years.  A copy of the

22  signed Confidentiality Agreement and Undertaking, resume and list shall be served

23  upon opposing counsel.  The opposing Party shall then have five (5) business days

24  from receipt of notice to serve a specific written objection to such disclosure and/or

25  such expert/consultant.  If an objection is served within the five business day period,

26  there shall be no disclosure to such expert or consultant except by agreement of the

27  Parties or order of the Court.  If no objection is served within the five day period,

28  objections are waived, unless a new ground for objection – resulting from a material

1    nondisclosure by such expert or consultant or a subsequent material change in such

2    expert's or consultant's circumstances – arises after such time. The Parties shall not

3    unreasonably object to the selection of an expert or consultant. If a Party objects

4    pursuant to the provisions of this paragraph and the Parties cannot resolve their

5    dispute on the terms of disclosure, the Party desiring to disclose Confidential

6    Information, Confidential Information, or Restricted Source Code to the proposed

7    expert or consultant may apply to the Court for an order allowing disclosure of

8    Confidential Information, Highly Confidential Information, or Restricted Source

9    Code to such person, or other appropriate relief.

10         **17. Restrictions on Experts.** No expert or consultant retained by a Party

11    shall be permitted access to Confidential Information, Highly Confidential

12    Information or Restricted Source Code unless the following additional conditions

13    are satisfied:

14           a.    such expert or consultant may not be, and no member of such

15                    expert's or consultant's clerical staff, if any, may be:

16                    (i)    a Party or a current or former officer, director, or

17                         employee of a Party;

18                    (ii)    a current consultant for a Party who consults with respect

19                         to matters other than in connection with this litigation; or

20                    (iii)    any of the listed inventors of the patents-in-suit; or

21                    (iv)    any person who cannot abide by the restrictions of ¶ 32 of

22                         this order; and

23           b.    such expert or consultant must agree not to accept employment

24                    (including but not limited to consulting work) with a Party for a

25                    period of six (6) months after the conclusion of this Action

26                    (either by full settlement of all disputed causes of action or

27                    exhaustion or abandonment of all appeals) with the exception of

28                    employment or retention in said expert's or consultant's capacity

1    as an expert or consultant or expert witness in litigation on behalf

2    of the same Party for which said expert or consultant has been

3    retained in this Action or, with the written consent of said Party,

4    on behalf of a different Party.

5    **18.    Use of Confidential Information, Highly Confidential Information,**

6 **or Restricted Source Code During Testimony.**  Except as otherwise approved by

7 the Producing Party or by an order of the Court, Confidential Information, Highly

8 Confidential Information, or Restricted Source Code of a Producing Party may be

9 used by a Receiving Party in taking testimony during a deposition only if the

10 witness is:

11    a.    an existing employee of the Producing Party;

12    b.    a retained expert or consultant or other person duly qualified

13          under ¶¶ 16-17; or

14    c.    a former employee of the Producing Party or any other person

15          who previously had lawful and not improper access to the

16          Confidential Information, Highly Confidential Information, or

17          Restricted Source Code.

18    Additionally, counsel for the Receiving Party may disclose documents

19 containing Confidential Information, Highly Confidential Information, or Restricted

20 Source Code to a former employee of the Producing Party in preparation for that

21 former employee's testimony who meets the requirements of subparagraph (c)

22 hereof and provided that the preparation is in the presence of outside counsel.  The

23 former employee shall not be permitted to retain a copy of the documents or make

24 notes regarding the documents before, during, or after the preparation for his or her

25 testimony.

26    Further, any use of Confidential Information, Highly Confidential

27 Information, or Restricted Source Code at a hearing or at trial should in good faith

28 attempt to comply with this Order, subject to any rulings or modifications made by

1  the judicial officer conducting the proceeding at the appropriate time.

2      **19.    Attendees at Confidential Information, Highly Confidential**

3  **Information, or Restricted Source Code Depositions.**  Any attendee at a

4  deposition in which Confidential Information, Highly Confidential Information, or

5  Restricted Source Code is shown or discussed must be qualified under this Order to

6  review such information.  The Parties expressly agree that all persons not so

7  qualified may be excluded from the portion of any deposition in which Confidential

8  Information, Highly Confidential Information, or Restricted Source Code is shown

9  or discussed.

10     **20.    Confidential Information, Highly Confidential Information, and**

11  **Restricted Source Code Transcripts.**  During any deposition in which

12  Confidential Information, Highly Confidential Information, or Restricted Source

13  Code is discussed, counsel attending the deposition shall make a good-faith attempt

14  to designate, on the record, the portions of the transcript that contain Confidential

15  Information, Highly Confidential Information, or Restricted Source Code.  The

16  portions of any deposition transcript that counsel for any Party has designated on the

17  record at the deposition as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL:

18  OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL:

19  RESTRICTED SOURCE CODE" and any such information marked as a deposition

20  exhibit shall be treated as Confidential Information, Highly Confidential

21  Information, or Restricted Source Code and placed in a separately bound volume.

22     In depositions where designation by section is not practical, counsel for the

23  Parties may stipulate that the entire transcript be designated at a given level pending

24  review of the transcript after the deposition.  For deposition testimony not

25  designated on the record during the deposition, portions of the transcript may be

26  designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL: OUTSIDE

27  COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL: RESTRICTED

28  SOURCE CODE" if, within thirty (30) days of the initial transcript's delivery to the

1  Parties' counsel of record, counsel designates in writing such transcript portions as

2  Confidential Information, Highly Confidential Information, or Restricted Source

3  Code information.  In the time after the deposition but before the expiration of this

4  thirty day period, deposition transcripts containing no designation on the record or

5  follow-up designation by counsel shall be treated as CONFIDENTIAL unless

6  otherwise agreed.

7      **21.    Challenges to Designations:**  The Parties acknowledge that it may be

8  impractical to contemporaneously assess the confidentiality of any or all information

9  in documents, testimony, transcripts, and/or other materials and things produced by

10  a Party or producing entity in the course of this Action.  Therefore, if a Party wishes

11  to challenge the designation of any such information, the Party shall, in good faith,

12  narrowly limit such efforts solely to those documents, testimony, transcripts, and/or

13  other materials or things (or portions thereof) for which declassification reasonably

14  appears to be appropriate.

15      A challenge to the propriety of any designation of Designated Materials shall

16  be made by serving the Designating Party and all other Parties with a written notice

17  of objection, which shall identify with particularity the Designated Materials as to

18  which the designation is challenged, state the basis for each challenge, and state

19  what designation, if any, the Challenging Party believes to be appropriate ("Notice

20  of Objection").  A Party shall not be obligated to challenge the propriety of a

21  designation of a document at any level of confidentiality identified in this Order at

22  the time made, and a failure to do so shall not preclude a subsequent challenge

23  thereto.

24      Following service of a Notice of Objection, the Challenging Party and the

25  Designating Party shall meet and confer in good faith to resolve the challenge.  In

26  the event that they are unable to resolve the challenge informally, the Challenging

27  Party may initiate within fifteen (15) calendar days after service of a Notice of

28  Objection, a motion to change the designation of the challenged material,

1   accompanied by a certification that the Challenging Party and the Designating Party

2   met and conferred in good faith prior to the filing of the motion pursuant to the

3   procedures concerning discovery disputes and in compliance with Local Rules 37-1

4   and 37-2.

5        In the event the Challenging Party files the motion, the material at issue may

6   be submitted to the Court for *in camera* inspection.  It shall be the burden of the

7   Designating Party under such circumstances to establish that the information so

8   designated is Confidential Information, Highly Confidential Information, or

9   Restricted Source Code within the meaning of this Protective Order.

10       **22.   Inadvertent Production of Confidential or Highly Confidential**

11  **Information or Restricted Source Code.**  Inadvertent failure to designate

12  documents or things as Confidential or Highly Confidential Information or

13  Restricted Source Code pursuant to this Order shall not constitute a waiver of any

14  otherwise valid claim for protection, provided that the provisions of this paragraph

15  are satisfied.  If the Producing Party discovers that information should have been but

16  was not designated, the Producing Party must immediately notify all other Parties.

17  Upon notification by the Producing Party of the proper designation, the Confidential

18  Information, Highly Confidential Information, or Restricted Source Code

19  information shall be treated as required by this Order.  In such event, within fifteen

20  (15) days of notifying all other Parties, the Producing Party must provide copies of

21  the materials designated in accordance with this Order.  The Receiving Party shall

22  have no liability, under this Order or otherwise, for any disclosure of information

23  contained in unlabeled documents or things occurring before the Receiving Party

24  was placed on notice of the Producing Party's claims of confidentiality, but shall

25  nevertheless use its best efforts to retrieve all copies wherever disseminated of the

26  improperly designated documents or things.

27       **23.   Third Party Confidentiality.**  Where a discovery request calls for

28  discoverable information that is held under obligation of confidentiality owed to a

1    third party and the Producing Party objects on this ground, the Producing Party may

2    withhold production for a period up to thirty-five (35) business days after such

3    objection, or after learning in good faith that the request sought or seeks specific

4    material as to which a third party confidentiality obligation exists, or upon entry of

5    this protective order, whichever is later, in order to provide appropriate notice to the

6    third party and to provide such third parties an opportunity to consent to disclosure

7    or seek a protective order.  The Producing Party shall be diligent in seeking such

8    third party's consent and shall timely produce documents withheld from production

9    based on a confidentiality obligation to such third party upon receiving such

10    consent.  Promptly after receiving notice that a third party refuses to consent to the

11    production of documents and in no event more than two (2) business days after

12    expiration of the thirty-five (35) business day period, the Producing Party shall meet

13    and confer with the Receiving Party and disclose the status of any third party

14    confidential information being withheld, identify the third-party to which the

15    confidentiality obligation is owed, and in good-faith attempt to resolve the discovery

16    issue.  If no agreement is reached between the Producing Party and the Receiving

17    Party, then, in compliance with this Order, within five (5) business days of the meet

18    and confer, the third party confidential information withheld from production shall

19    be produced unless (a) the Producing Party seeks a protective order and initiates the

20    Joint Stipulation procedures pursuant to Local Rules 37-1 and 37-2, (b) said third

21    party moves for a protective order, or (c) said third party or the Producing Party

22    otherwise obtains a protective order.  To the extent additional time is necessary in

23    order to acquire consent, to file a protective order, to meet local rule requirements

24    for obtaining a protective order, or to meet and confer regarding the disclosure of

25    such third party confidential information, the Receiving Party shall grant reasonable

26    extensions requested by either the Producing Party or any third party.

27         **24.    Subpoena of Confidential Information, Highly Confidential**

28    **Information, or Restricted Source Code.**  If any entity subpoenas or orders

1    production of Confidential Information, Highly Confidential Information, or

2    Restricted Source Code that a Receiving Party has obtained subject to this Order, the

3    Receiving Party shall promptly notify the Producing Party of the subpoena or order

4    and object to the subpoena on grounds that the information is protected by this

5    Protective Order.  Nothing in this Order shall be construed as authorizing a Party to

6    disobey a lawful subpoena issued in another action.

7         **25.    Inadvertent Disclosure of Privileged Information.**  Inadvertent

8    production of information subject to the attorney-client, attorney-work-product,

9    common interest, and/or joint defense privileges, or any other applicable privilege or

10   immunity, shall not constitute a waiver of any claim for protection, provided that the

11   provisions of this paragraph are satisfied.  If the Producing Party discovers that

12   information produced in discovery should have been withheld on the basis of

13   privilege, the Producing Party must immediately notify all other Parties.  In such

14   event, the Parties must immediately return the privileged information along with all

15   duplicates except that the Receiving Party may keep one (1) copy of the privileged

16   information if the Receiving Party intends to challenge the privilege claim and may

17   keep such copy solely for the purposes of bring such challenge.  Once notified of the

18   production of privileged information, the Receiving Party shall not duplicate the

19   privileged information, or distribute the privileged information by any means other

20   than returning it to the Producing Party.  Within ten (10) days of notifying all other

21   Parties, the Producing Party must provide a privilege log to all Parties that lists the

22   privileged information.  The Receiving Party shall have no liability, under this Order

23   or otherwise, for any disclosure or use of privileged information occurring before

24   the Receiving Party was placed on notice of the Producing Party's claims of

25   privilege, but shall nevertheless use its best efforts to retrieve all copies of the

26   privileged information wherever disseminated.  Any motion challenging a privilege

27   claim with respect to a document that was requested to be returned under this

28   paragraph must be filed within thirty (30) days of receipt of notice of inadvertent

1   production under this paragraph and in compliance with Local Rules 37-1 and 37-2.

2   If no such motion is filed, the Receiving Party must return the single copy retained

3   solely for the purpose of bringing a challenge to the privilege claim and may not

4   retain any copies of the privileged information thereafter.

5       **26.   Expert Discovery.**  Testifying experts shall not be subject to discovery

6   on any draft of their reports in this case and such draft reports, notes, outlines, or

7   any other writings leading up to an issued report(s) in this litigation are exempt from

8   discovery.  In addition, all communications between a testifying expert and outside

9   counsel, and all materials generated by a testifying expert with respect to that

10  person's work, are exempt from discovery unless relied upon by the expert in

11  forming any opinions in this litigation.  No discovery can be taken from any non-

12  testifying consulting expert except to the extent that consulting expert has provided

13  information, opinions or other materials to a testifying expert, who then relies upon

14  such information, opinions or other materials in forming his final report, trial or

15  deposition testimony or any opinion in this case.  Materials, communications and

16  other information exempt from discovery under this Paragraph shall be treated as

17  attorney-work product for the purposes of this litigation and Protective Order.

18      **27.   Continuing Jurisdiction.**  After the conclusion of the lawsuit between

19  the Parties, the provisions of this Order shall continue to be binding until further

20  court order.  This Court shall have exclusive jurisdiction to hear any complaint

21  brought by any Party alleging that any person has breached the terms of this Order.

22  Such complaint shall be brought by motion for appropriate relief.  The Court shall

23  also retain jurisdiction over the Parties and any other person who has had access to

24  Confidential Information, Highly Confidential Information, or Restricted Source

25  Code pursuant to this Order, so that the Court can continue to enforce this Order.

26      **28.   Counsel's Communication with Client.**  Nothing in this Order shall

27  preclude or impede outside counsel's ability to communicate with or advise their

28  clients or decision makers for such clients based on outside counsel's review and

1    evaluation of Confidential Information, Highly Confidential Information, or
2    Restricted Source Code produced by an opposing Party.  Outside counsel may
3    discuss with the employees and officers of such clients who have responsibility for
4    managing the lawsuit, or those persons who have responsibility for making
5    decisions about possible settlement of the lawsuit, the general nature of Confidential
6    Information or Highly Confidential Information without disclosing the specifics of
7    any such information, to the extent such disclosure is necessary for effectively
8    advising such clients and their decision makers.

9       **29.   Modification.**  The Parties may modify this Order only by written
10   agreement.  The Court may modify this Order upon a showing of good cause.
11   Nothing in this Order shall be construed as precluding any Party from seeking such
12   modification.

13      **30.   Return or Destruction of Confidential and Highly Confidential**
14   **Materials.**  Within sixty (60) calendar days after the conclusion of this litigation,
15   unless the Parties agree in writing to the contrary, any originals or reproductions,
16   and any summaries or compilations of any documents produced by a Producing
17   Party containing Confidential Information or Highly Confidential Information shall
18   be destroyed, by cross-cut shredding, except that outside counsel of record shall be
19   entitled to retain attorney work product and, for archival purposes, one (1) paper and
20   one (1) electronic copy of pleadings, correspondence, motion papers, discovery
21   responses, deposition and trial transcripts, memoranda, work product, any exhibits
22   to the foregoing, and trial exhibits, which contain or refer to Confidential
23   Information or Highly Confidential Information.  Such archival copies that contain
24   or refer to Confidential Information, or Highly Confidential Information remain
25   subject to this Protective Order.  Notwithstanding this provision, outside counsel of
26   record in this matter shall not be required to delete information that may reside on
27   their respective firms' electronic disaster recovery systems which are overwritten in
28   the normal course of business.  However, the outside firms that have appeared as

1  counsel of record in this matter shall not retrieve any Confidential Information or

2  Highly Confidential Information from any firm's electronic disaster recovery

3  systems after the conclusion of the Action.

4      **31.    Return or Destruction of Restricted Source Code Materials.**  Within

5  thirty (30) days of the conclusion of this litigation, any Restricted Source Code

6  materials must be returned to the Producing Party, and each trial counsel, retained

7  expert or consultant who had access to the Restricted Source Code materials must

8  sign a declaration that shall be sent to the Producing Party certifying that:

9          (a) to the best of that person's knowledge, all Restricted Source Code

10          materials have been returned to the Producing Party; and

11          (b) every copy, whether whole or partial, and every summary or

12          compilation of the Restricted Source Code materials that exists in any

13          form has been permanently destroyed or deleted such that any deleted

14          files could not be recovered absent extraordinary efforts, if at all (for

15          example, through the use of a disk utility program such as Norton

16          Utilities or its equivalent, to rewrite the free disk space).

17      Notwithstanding the provisions of subparagraphs (a) and (b) herein, counsel

18  of record for each Receiving Party may retain for archive purposes one

19  (1) electronic and one (1) paper copy of all pleadings, pleadings, correspondence,

20  motion papers, discovery responses, deposition and trial transcripts, memoranda,

21  work product, any exhibits to the foregoing, and trial exhibits, which contain or refer

22  to Restricted Source Code.  Such archival copies that contain or refer to Restricted

23  Source Code remain subject to this Protective Order.  Furthermore, outside counsel

24  of record in this matter shall not be required to delete information that may reside on

25  their respective firms' electronic disaster recovery systems which are overwritten in

26  the normal course of business.  However, the outside firms that have appeared as

27  counsel of record in this matter shall not retrieve any Restricted Source Code

28

1   information from any firm's electronic disaster recovery systems after the

2   conclusion of the Action.

3      **32.   Patent prosecution restrictions.**  Confidential, Highly Confidential

4   Information or Restricted Source Code information shall not be disclosed to any

5   outside counsel (as identified in ¶ 6.b) who is involved in the Preparation or

6   Prosecution of Patent Applications,[1] or who directly supervises such activities, that

7   are related to or concern indexes, portfolios based on indexes, or ETFs based on

8   indexes, on behalf of the Plaintiff or a Defendant.  Further, any outside counsel (as

9   identified in ¶ 6.b) who receives Confidential Information, Highly Confidential

10  Information or Restricted Source Code from a Producing Party shall refrain from

11  engaging in Preparation or Prosecution of Patent Applications, or directly

12  supervising such activity, on behalf of any Receiving Party for a period of two (2)

13  years after final termination of this action; provided, however, that this restriction

14  shall not be imputed to partners, associates or other colleagues of such outside

15

16

17

18

19

20

21

22

23

---

24   [1] The "Preparation or Prosecution of Patent Applications" includes, but is not
25   limited to, the drafting of a patent specification, drawings or claims, the drafting of
     an original or new patent claims, the drafting of an amended patent claim, the
26   preparation and filing of responses to objections or rejections of the patent examiner,
     interviews at the patent office or by telephone, participating in any opposition,
     reexamination, reissue, appeal or similar proceedings in the U.S. or in a foreign
27   county, generally advising other attorneys of overall patent strategy, and supervising,
     directing or instructing others engaged in any of the foregoing activities, and/or
28   providing technical support for an individual engaged in the enumerated activities.

1  counsel who had no access to Confidential, Highly Confidential Information or
2  Restricted Source Code.

3

4                                          Respectfully submitted,

5  Dated:  May 11, 2012                    WILSON SONSINI GOODRICH &
                                           ROSATI P.C.
6

7                                          By:/s/Natalie J. Morgan
                                               David S. Steuer
8                                              Jose C. Villarreal
9                                              Natalie J. Morgan

10                                         Attorneys for Plaintiff and Counterdefendant
11                                         RESEARCH AFFILIATES, LLC

12

13  Dated:  May 11, 2012                   GOODWIN PROCTER LLP

14                                         By:/s/ Peter J. Wied
15                                             J. Anthony Downs
                                               Stephen Schreiner
16                                             Peter J. Wied
17                                             Michael S. DeVincenzo

18                                         Attorneys for Defendants
19                                         WISDOM TREE INVESTMENTS, INC.;
                                           WISDOM TREE TRUST; WISDOM TREE
20                                         ASSET MANAGEMENT, INC.; WISDOM
                                           TREE RETIREMENT SERVICES, INC.;
21                                         MELLON CAPITAL MANAGEMENT CORP.;
22                                         and ALPS DISTRIBUTORS, INC.

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| Research Affiliates, LLC, | Case No. SACV11-01846 DOC (ANx) |
| Plaintiff, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| v. | |
| Wisdom Tree Investments, Inc., Wisdom Tree Trust, Wisdom Tree Asset Management, Inc., Wisdom Tree Retirement Services, Inc., Mellon Capital Management Corp., and ALPS Distributors, Inc., | Judge: Hon. David O. Carter<br>Complaint Filed: December 1, 2011 |
| Defendants. | |

AND RELATED COUNTERCLAIMS.

**CONFIDENTIALITY AGREEMENT AND UNDERTAKING**

My full name is _____. I am presently employed by _____ in the position of _____. My residence address is _____.

I state the following:

     1.    I have read and understand the Protective Order ("Order") in the above-captioned action (a copy of which is attached and whose provisions are incorporated herein) and I attest to my understanding that access to information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or RESTRICTED SOURCE CODE may be provided to me and that such access shall be governed by the terms and conditions and restrictions of the Order. I agree to be bound by the terms of the

1  Order and hereby subject myself to the jurisdiction of the Court for all purposes

2  related to the Order.

3      2.    I shall not use or disclose any CONFIDENTIAL, HIGHLY

4  CONFIDENTIAL, or RESTRICTED SOURCE CODE information to others, except

5  in accordance with the Order.  I also understand that, in the event that I fail to abide

6  by the terms of this Confidentiality Agreement or the Order, I may be subject to

7  sanctions by way of contempt of court and to separate legal and equitable recourse

8  by the adversely affected Producing Party.

9

10

11  Dated: _____     Signature: _____

12                       Printed Name: _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      **CERTIFICATE OF SERVICE**

2           The undersigned hereby certifies that a true and correct copy of the above and

3      foregoing document has been served on May 11, 2012 to all counsel of record

4      deemed to have consented to electronic service via the Court's CM/ECF system.

5           Any other counsel of record will be served by electronic mail and regular

6      mail.

7                                    /s/Natalie J. Morgan

8                                    Natalie J. Morgan

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28