DAVID S. STEUER, SBN 127059
dsteuer@wsgr.com
WILSON SONSINI GOODRICH &
ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:   (650) 493-9300
Facsimile:   (650) 565-5100
NATALIE J. MORGAN, SBN 211143
nmorgan@wsgr.com
WILSON SONSINI GOODRICH &
ROSATI, P.C.
12235 El Camino Real, Suite 200
San Diego, CA 92130
Telephone:   (858) 350-2303
Facsimile:   (858) 350-2399

JOSE C. VILLARREAL (*pro hac vice*)
jvillarreal@wsgr.com
BRIAN D. RANGE (*pro hac vice*)
brange@wsgr.com
ADEN M. ALLEN (*pro hac vice*)
aallen@wsgr.com
ROBERT A. DELAFIELD II (*pro hac vice*)
bdelafield@wsgr.com
WILSON SONSINI GOODRICH &
ROSATI, P.C.
900 South Capital of Texas Hwy.
Las Cimas IV, Fifth Floor
Austin, TX 78746
Telephone:   (512) 338-5400
Facsimile:   (512) 338-5499

Attorneys for Plaintiff and Counterdefendant
Research Affiliates, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| Research Affiliates, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>WisdomTree Investments, Inc.,<br>WisdomTree Trust,<br>WisdomTree Asset Management, Inc.,<br>WisdomTree Retirement Services, Inc.,<br>Mellon Capital Management Corp., and<br>ALPS Distributors, Inc.,<br><br>          Defendants. | CASE NO. SACV11-01846 DOC (ANx)<br><br>**RESEARCH AFFILIATES, LLC'S ANSWER TO SECOND AMENDED COUNTERCLAIMS**<br><br>DEMAND FOR JURY TRIAL<br><br>JUDGE: HONORABLE DAVID O. CARTER |

1  Plaintiff and Counterdefendant Research Affiliates, LLC ("RA LLC")
2  hereby answers and otherwise responds to the numbered paragraphs of the
3  Counterclaims filed by Defendants and Counterclaimants WisdomTree
4  Investments, Inc., WisdomTree Trust, WisdomTree Asset Management, Inc.,
5  WisdomTree Retirement Services, Inc., Mellon Capital Management Corp., and
6  ALPS Distributors, Inc. (collectively, "Defendants"), as follows:

7  ## COUNTERCLAIMS

8  326.  Paragraph No. 326 contains no allegations to which an answer is
9  required.  To the extent any responsive pleading is required, RA LLC denies the
10  allegations of Paragraph No. 326.

11  ## THE PARTIES

12  327.   RA LLC lacks knowledge or information sufficient to form a belief as
13  to the truth of the allegations contained in Paragraph No. 327, and on that basis
14  denies those allegations.

15  328.   RA LLC lacks knowledge or information sufficient to form a belief as
16  to the truth of the allegations contained in Paragraph No. 328, and on that basis
17  denies those allegations.

18  329.   RA LLC lacks knowledge or information sufficient to form a belief as
19  to the truth of the allegations contained in Paragraph No. 329, and on that basis
20  denies those allegations.

21  330.   RA LLC lacks knowledge or information sufficient to form a belief as
22  to the truth of the allegations contained in Paragraph No. 330, and on that basis
23  denies those allegations.

24  331.   RA LLC lacks knowledge or information sufficient to form a belief as
25  to the truth of the allegations contained in Paragraph No. 331, and on that basis
26  denies those allegations.

27  332.   RA LLC lacks knowledge or information sufficient to form a belief as
28  to the truth of the allegations contained in Paragraph No. 332, and on that basis

1   denies those allegations.

2        333.   RA LLC admits that it is a limited liability company duly organized

3   and existing under the laws of the State of California, with its principal place of

4   business at 620 Newport Center Dr., Suite 900, Newport Beach, California.

5   **NATURE OF THE COUNTERCLAIMS**

6        334.   RA LLC admits that Defendants purport to seek a declaration of non-

7   infringement and invalidity of U.S. Patent Nos. 7,747,502; 7,792,719; and 8,005,740

8   ("the Patents-in-Suit").  Except as expressly admitted, RA LLC denies the

9   allegations of Paragraph No. 334.

10       335.   RA LLC admits the allegations in Paragraph No. 335.

11       336.   Paragraph No. 336 states legal contentions as to which no responsive

12  pleading is required.  To the extent any responsive pleading is required, RA LLC

13  denies the allegations of Paragraph No. 336.

14  **JURISDICTION AND VENUE**

15       337.   Paragraph No. 337 states legal conclusions as to which no responsive

16  pleading is required.

17       338.   RA LLC admits that this Court has jurisdiction over the asserted

18  counterclaims.

19       339.   RA LLC admits the allegations of Paragraph No. 339.

20       340.   RA LLC admits the allegations of Paragraph No. 340.

21  **BACKGROUND FACTS ON COUNTERCLAIM PLAINTIFFS'**

22  **DECLARATORY JUDGMENT COUNTERCLAIMS**

23       341.   RA LLC admits the allegations in Paragraph No. 341.

24       342.   RA LLC admits the allegations in Paragraph No. 342.

25       343.   RA LLC admits the allegations in Paragraph No. 343.

26       344.   RA LLC lacks knowledge or information sufficient to form a belief as

27  to the truth of the allegations contained in Paragraph No. 344, and on that basis

28  denies those allegations.

345.   RA LLC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 345, and on that basis denies those allegations.

346.   RA LLC admits that Paul Wood and Richard Evans are named authors on an article titled "Fundamental Profit-based Equity Indexation" ("Wood/Evans Article") and that this article was published in the Journal of Indexes in 2003.  RA LLC also admits that the Wood/Evans Article contained a reference to an index called the "SandsEnd Profit based US 100 Index."  Except as expressly admitted, RA LLC denies the allegations of Paragraph No. 346.

347.   RA LLC admits that Paragraph No. 347 correctly quotes one isolated sentence from the Wood/Evans Article.  Except as expressly admitted, RA LLC denies the allegations of Paragraph No. 347.

348.   RA LLC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 348, and on that basis denies those allegations.

349.   RA LLC admits that Mr. Robert Arnott is the sole named inventor of the '719 patent.  RA LLC admits that Mr. Robert Arnott is one of two named inventors of the '502 and '740 patents.  RA LLC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph No. 349 and on that basis denies those allegations.

350.   RA LLC admits that Paragraph No. 350 correctly quotes isolated sentences from provisional U.S. patent application, Serial No. 60/541,733, and U.S. patent application No. 10/961,404.  RA LLC also admits that provisional U.S. patent application, Serial No. 60/541,733 was filed on February 4, 2004 and U.S. patent application No. 10/961,404 was filed on October 12, 2004, each naming Robert Arnott as the inventor.  RA LLC denies any remaining allegations in Paragraph No. 350.

351.   Paragraph No. 351 states legal contentions as to which no responsive

pleading is required.  To the extent any responsive pleading is required, RA LLC denies the allegations of Paragraph No. 351.

352.  RA LLC admits that on November 7, 2004, the New York Times published an article titled "Why Your Stock Index Fund is Lagging the Market." RA LLC admits that the New York Times published a statement relating to said article on November 21, 2004 and that Paragraph No. 352 correctly provides a modified quote of the statement.  Except as expressly admitted, RA LLC denies the allegations of Paragraph No. 352.

353.  RA LLC denies the allegations in Paragraph No. 353.

354.  RA LLC denies the allegations in Paragraph No. 354.

355.  RA LLC avers that each Patent-in-Suit and its respective file history speaks for itself as to what they cover, include, relate to and disclose and denies any characterization of the Patents-in-Suit in Paragraph No. 355.  RA LLC denies any remaining allegations in Paragraph No. 355.

356.  RA LLC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 356, and on that basis denies those allegations.

357.  RA LLC denies the allegations in Paragraph No. 357.

358.  RA LLC denies the allegations in Paragraph No. 358.

**ANSWER TO COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '502 PATENT**

359.  RA LLC incorporates by reference each of the answers in Paragraph Nos. 326-358 above as if fully set forth herein.

360.  RA LLC denies the allegations in Paragraph No. 360.

361.  RA LLC denies the allegations in Paragraph No. 361.

**ANSWER TO COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF THE '502 PATENT**

362.  RA LLC incorporates by reference each of the answers in Paragraph

Nos. 326-358 above as if fully set forth herein.

363.   RA LLC denies the allegations in Paragraph No. 363.

364.   RA LLC denies the allegations in Paragraph No. 364.

**ANSWER TO COUNT III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '719 PATENT**

365.   RA LLC incorporates by reference each of the answers in Paragraph Nos. 326-358 above as if fully set forth herein.

366.   RA LLC denies the allegations in Paragraph No. 366.

367.   RA LLC denies the allegations in Paragraph No. 367.

**ANSWER TO COUNT IV: DECLARATORY JUDGMENT OF INVALIDITY OF THE '719 PATENT**

368.   RA LLC incorporates by reference each of the answers in Paragraph Nos. 326-358 above as if fully set forth herein.

369.   RA LLC denies the allegations in Paragraph No. 369.

370.   RA LLC denies the allegations in Paragraph No. 370.

**ANSWER TO COUNT V: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '740 PATENT**

371.   RA LLC incorporates by reference each of the answers in Paragraph Nos. 326-358 above as if fully set forth herein.

372.   RA LLC denies the allegations in Paragraph No. 372.

373.   RA LLC denies the allegations in Paragraph No. 373.

**ANSWER TO COUNT VI: DECLARATORY JUDGMENT OF INVALIDITY OF THE '740 PATENT**

374.   RA LLC incorporates by reference each of the answers in Paragraph Nos. 326-358 above as if fully set forth herein.

375.   RA LLC denies the allegations in Paragraph No. 375.

376.   RA LLC denies the allegations in Paragraph No. 376.

## ANSWER TO COUNT VII: DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE PATENTS-IN-SUIT

377.   RA LLC incorporates by reference each of the answers in Paragraph Nos. 326-358 above as if fully set forth herein.

378.   RA LLC denies the allegations in Paragraph No. 378.

379.   RA LLC makes no response to the allegations to parts a, b, and c in Paragraph No. 379 as these averments are the subject of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed prior to this pleading.  RA LLC reserves the right to respond to these averments relating to parts a, b, and c if the Court denies its motion to dismiss.  RA denies all remaining allegations in Paragraph No. 379.

380.   RA LLC makes no response to the allegations in Paragraph No. 380 as these averments are the subject of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed prior to this pleading.  RA LLC reserves the right to respond to these averments if the Court denies its motion to dismiss.

381.   RA LLC makes no response to the allegations in Paragraph No. 381 as these averments are the subject of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed prior to this pleading.  RA LLC reserves the right to respond to these averments if the Court denies its motion to dismiss.

382.   RA LLC makes no response to the allegations in Paragraph No. 382 as these averments are the subject of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed prior to this pleading.  RA LLC reserves the right to respond to these averments if the Court denies its motion to dismiss.

383.   RA LLC makes no response to the allegations in Paragraph No. 383 as these averments are the subject of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed prior to this pleading.  RA LLC reserves the right to respond to these averments if the Court denies its motion to dismiss.

384.   RA LLC makes no response to the allegations in Paragraph No. 384 as these averments are the subject of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed prior to this pleading.  RA LLC reserves the right to respond to these averments if the Court denies its motion to dismiss.

385.   RA LLC makes no response to the allegations in Paragraph No. 385 as these averments are the subject of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed prior to this pleading.  RA LLC reserves the right to respond to these averments if the Court denies its motion to dismiss.

386.   RA LLC makes no response to the allegations in Paragraph No. 386 as these averments are the subject of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed prior to this pleading.  RA LLC reserves the right to respond to these averments if the Court denies its motion to dismiss.

387.   RA LLC makes no response to the allegations in Paragraph No. 387 as these averments are the subject of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed prior to this pleading.  RA LLC reserves the right to respond to these averments if the Court denies its motion to dismiss.

388.   RA LLC makes no response to the allegations in Paragraph No. 388 as these averments are the subject of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed prior to this pleading.  RA LLC reserves the right to respond to these averments if the Court denies its motion to dismiss.

389.   RA LLC denies the allegations in Paragraph No. 389.

390.   RA LLC denies the allegations in Paragraph No. 390.

391.   RA LLC denies the allegations in Paragraph No. 391.

392.   Defendants have incorporated Paragraphs 193-257 of Defendants' Affirmative Defenses herein and RA LLC responds to such paragraphs:

193.   RA LLC denies the allegations in Paragraph No. 193.

194.   RA LLC admits that the 10/659,694 Application ("the '448 Glickman Application") states on its face that it was published in March 2004.  RA LLC denies the remaining allegations in Paragraph No. 194.

195.   RA LLC admits the allegations in Paragraph No. 195.

196.   RA LLC admits that Paragraph No. 196 correctly quotes isolated sentences from U.S. Patent Publication 2004/0049448 ("the '448 Glickman Application").  RA avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 196.  RA LLC denies any remaining allegations in Paragraph No. 196.

197.   RA LLC admits that Paragraph No. 197 correctly quotes isolated sentences from the '448 Glickman Application.  RA avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 197.  RA LLC denies any remaining allegations in Paragraph No. 197.

198.   RA LLC denies the allegations in Paragraph No. 198.

199.   RA LLC denies the allegations in Paragraph No. 199.

200.   RA LLC admits that on the face of the '448 Glickman Application, it states that the application was filed on September 10, 2003 and assigned the application serial no. 10/659,694 and claims priority to provisional application no. 60/409,648, filed on September 10, 2002; provisional application no. 60/474,047, filed on May 29, 2003; and provisional application no. 60/474,837, filed on May 30, 2003.  RA LLC admits that Bob Glickman is listed as a named inventor of the '448 Glickman Application.  RA LLC denies the remaining allegations in Paragraph No. 200.

201.   RA LLC denies the allegations in Paragraph No. 201.

202.   RA LLC denies the allegations in Paragraph No. 202.

203.    RA LLC denies the allegations in Paragraph No. 203.

204.    RA LLC denies the allegations in Paragraph No. 204.

205.    RA LLC denies the allegations in Paragraph No. 205.

206.    RA LLC admits that Paragraph No. 206 correctly quotes isolated sentences from the '448 Glickman Application.  RA avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 206. RA LLC avers that each Patent-in-Suit and its respective file history speaks for itself as to what they cover, include, relate to and disclose and denies any characterization of the Patents-in-Suit in Paragraph No. 206.  RA LLC denies any remaining allegations in Paragraph No. 206.

207.    RA LLC admits that Paragraph No. 207 correctly quotes isolated sentences from the '448 Glickman Application.  RA avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 207.  RA LLC denies any remaining allegations in Paragraph No. 207.

208.    RA LLC admits that Paragraph No. 208 correctly quotes isolated sentences from the '448 Glickman Application.  RA avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 208.  RA LLC denies any remaining allegations in Paragraph No. 208.

209.    RA LLC admits that Paragraph No. 209 correctly quotes isolated sentences from the '502 patent.  RA LLC avers that each Patent-in-Suit and its respective file history speaks for itself as to what they cover, include, relate to and disclose and denies any characterization of the Patents-in-Suit in Paragraph No. 209.  RA LLC admits that Paragraph No. 209 correctly quotes isolated

sentences from the '448 Glickman Application.  RA avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 209.    RA LLC denies any remaining allegations in Paragraph No. 209.

210.   RA LLC admits that Paragraph No. 210 correctly quotes isolated sentences from the '502 patent.  RA LLC avers that each Patent-in-Suit and its respective file history speaks for itself as to what they cover, include, relate to and disclose and denies any characterization of the Patents-in-Suit in Paragraph No. 210.  RA LLC admits that Paragraph No. 210 correctly quotes isolated sentences from the '448 Glickman Application.  RA avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 210.    RA LLC denies any remaining allegations in Paragraph No. 210.

211.   RA LLC admits that Paragraph No. 211 correctly quotes isolated sentences from the '502 patent.  RA LLC avers that each Patent-in-Suit and its respective file history speaks for itself as to what they cover, include, relate to and disclose and denies any characterization of the Patents-in-Suit in Paragraph No. 211.  RA LLC admits that Paragraph No. 211 correctly quotes isolated sentences from the '448 Glickman Application.  RA avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 211.    RA LLC denies any remaining allegations in Paragraph No. 211.

212.   RA LLC admits that Paragraph No. 212 correctly quotes isolated sentences from the '502 patent.  RA LLC avers that each Patent-in-Suit and its respective file history speaks for itself as to what they cover, include, relate to and disclose and denies any characterization of the Patents-in-Suit in Paragraph No. 212.  RA LLC admits that Paragraph No. 212 correctly quotes isolated sentences from the '448 Glickman Application.  RA avers that the '448 Glickman

Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 212.    RA LLC denies any remaining allegations in Paragraph No. 212.

213.    RA LLC admits that Paragraph No. 213 correctly quotes isolated sentences from the '502 patent.  RA LLC avers that each Patent-in-Suit and its respective file history speaks for itself as to what they cover, include, relate to and disclose and denies any characterization of the Patents-in-Suit in Paragraph No. 213.  RA LLC admits that Paragraph No. 213 correctly quotes isolated sentences from the '448 Glickman Application.  RA avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 213.    RA LLC denies any remaining allegations in Paragraph No. 213.

214.    RA LLC admits that Paragraph No. 214 correctly quotes isolated sentences from the '502 patent.  RA LLC avers that each Patent-in-Suit and its respective file history speaks for itself as to what they cover, include, relate to and disclose and denies any characterization of the Patents-in-Suit in Paragraph No. 214.  RA LLC admits that Paragraph No. 214 correctly quotes isolated sentences from the '448 Glickman Application.  RA avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 214.    RA LLC denies any remaining allegations in Paragraph No. 214.

215.    RA LLC denies the allegations in Paragraph No. 215.

216.    RA LLC denies the allegations in Paragraph No. 216.

217.    RA LLC admits that Paragraph No. 217 correctly quotes isolated sentences from the '719 patent.  RA LLC avers that each Patent-in-Suit and its respective file history speaks for itself as to what they cover, include, relate to and disclose and denies any characterization of the Patents-in-Suit in Paragraph No. 217.  RA LLC admits that Paragraph No. 217 correctly quotes isolated

1    sentences from the '448 Glickman Application.  RA avers that the '448 Glickman
2    Application speaks for itself as to what it covers, includes, relates to and discloses
3    and denies any characterization of the '448 Glickman Application in Paragraph
4    No. 217.  RA avers that U.S. Patent Application No. 10/159,610  ("the '610
5    Application") speaks for itself as to what it covers, includes, relates to and
6    discloses and denies any characterization of the '610 Application in Paragraph No.
7    217.  RA LLC denies any remaining allegations in Paragraph No. 217.

8              218.   RA LLC admits that Paragraph No. 218 correctly quotes
9    isolated sentences from the '719 patent.  RA LLC avers that each Patent-in-Suit
10   and its respective file history speaks for itself as to what they cover, include, relate
11   to and disclose and denies any characterization of the Patents-in-Suit in Paragraph
12   No. 218.  RA LLC admits that Paragraph No. 218 correctly quotes isolated
13   sentences from the '448 Glickman Application.  RA avers that the '448 Glickman
14   Application speaks for itself as to what it covers, includes, relates to and discloses
15   and denies any characterization of the '448 Glickman Application in Paragraph
16   No. 218.  RA LLC denies any remaining allegations in Paragraph No. 218.

17             219.   RA LLC admits that Paragraph No. 219 correctly quotes
18   isolated sentences from the '719 patent.  RA LLC avers that each Patent-in-Suit
19   and its respective file history speaks for itself as to what they cover, include, relate
20   to and disclose and denies any characterization of the Patents-in-Suit in Paragraph
21   No. 219.  RA LLC admits that Paragraph No. 219 correctly quotes isolated
22   sentences from the '448 Glickman Application.  RA avers that the '448 Glickman
23   Application speaks for itself as to what it covers, includes, relates to and discloses
24   and denies any characterization of the '448 Glickman Application in Paragraph
25   No. 219.  RA LLC denies any remaining allegations in Paragraph No. 219.

26             220.   RA LLC admits that Paragraph No. 220 correctly quotes
27   isolated sentences from the '719 patent.  RA LLC avers that each Patent-in-Suit
28   and its respective file history speaks for itself as to what they cover, include, relate

1  to and disclose and denies any characterization of the Patents-in-Suit in Paragraph

2  No. 220.  RA LLC admits that Paragraph No. 220 correctly quotes isolated

3  sentences from the '448 Glickman Application.  RA avers that the '448 Glickman

4  Application speaks for itself as to what it covers, includes, relates to and discloses

5  and denies any characterization of the '448 Glickman Application in Paragraph

6  No. 220.  RA LLC denies any remaining allegations in Paragraph No. 220.

7       221.   RA LLC admits that Paragraph No. 221 correctly quotes

8  isolated sentences from the '719 patent.  RA LLC avers that each Patent-in-Suit

9  and its respective file history speaks for itself as to what they cover, include, relate

10  to and disclose and denies any characterization of the Patents-in-Suit in Paragraph

11  No. 221.  RA LLC admits that Paragraph No. 221 correctly quotes isolated

12  sentences from the '448 Glickman Application.  RA avers that the '448 Glickman

13  Application speaks for itself as to what it covers, includes, relates to and discloses

14  and denies any characterization of the '448 Glickman Application in Paragraph

15  No. 221.  RA LLC denies any remaining allegations in Paragraph No. 221.

16       222.   RA LLC denies the allegations in Paragraph No. 222.

17       223.   RA LLC denies the allegations in Paragraph No. 223.

18       224.   RA LLC admits that Paragraph No. 224 correctly quotes

19  isolated sentences from the '740 patent.  RA LLC avers that each Patent-in-Suit

20  and its respective file history speaks for itself as to what they cover, include, relate

21  to and disclose and denies any characterization of the Patents-in-Suit in Paragraph

22  No. 224.  RA LLC admits that Paragraph No. 224 correctly quotes isolated

23  sentences from the '448 Glickman Application.  RA avers that the '448 Glickman

24  Application speaks for itself as to what it covers, includes, relates to and discloses

25  and denies any characterization of the '448 Glickman Application in Paragraph

26  No. 224.  RA LLC denies any remaining allegations in Paragraph No. 224.

27       225.   RA LLC admits that Paragraph No. 225 correctly quotes

28  isolated sentences from the '740 patent.  RA LLC avers that each Patent-in-Suit

and its respective file history speaks for itself as to what they cover, include, relate to and disclose and denies any characterization of the Patents-in-Suit in Paragraph No. 225. RA LLC admits that Paragraph No. 225 correctly quotes isolated sentences from the '448 Glickman Application. RA avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 225. RA LLC denies any remaining allegations in Paragraph No. 225.

226. RA LLC admits that Paragraph No. 226 correctly quotes isolated sentences from the '740 patent. RA LLC avers that each Patent-in-Suit and its respective file history speaks for itself as to what they cover, include, relate to and disclose and denies any characterization of the Patents-in-Suit in Paragraph No. 226. RA LLC admits that Paragraph No. 226 correctly quotes isolated sentences from the '448 Glickman Application. RA avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 226. RA LLC denies any remaining allegations in Paragraph No. 226.

227. RA LLC admits that Paragraph No. 227 correctly quotes isolated sentences from the '740 patent. RA LLC avers that each Patent-in-Suit and its respective file history speaks for itself as to what they cover, include, relate to and disclose and denies any characterization of the Patents-in-Suit in Paragraph No. 227. RA LLC admits that Paragraph No. 227 correctly quotes isolated sentences from the '448 Glickman Application. RA avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 227. RA LLC denies any remaining allegations in Paragraph No. 227.

228. RA LLC admits that Paragraph No. 228 correctly quotes isolated sentences from the '740 patent. RA LLC avers that each Patent-in-Suit and its respective file history speaks for itself as to what they cover, include, relate

to and disclose and denies any characterization of the Patents-in-Suit in Paragraph No. 228.  RA LLC admits that Paragraph No. 228 correctly quotes isolated sentences from the '448 Glickman Application.  RA avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 228.  RA LLC denies any remaining allegations in Paragraph No. 228.

229.   RA LLC denies the allegations in Paragraph No. 229.

230.   The sentence "[t]he prosecution record of the Patents-in-Suit reflects does not reflect that the index and ETF disclosed in the '448 Glickman Application were considered by the patent examiner," is ambiguous and cannot be understood.  RA LLC therefore lacks knowledge or information sufficient to form a belief as to the truth of this sentence and on that basis denies this allegation.  RA LLC denies the remaining allegations of Paragraph No. 230.

231.   RA LLC admits the allegations in Paragraph No. 231.

232.   RA LLC admits that Janine Nesbit made a call to Bob Glickman in July of 2006.  RA LLC denies the remaining allegations of Paragraph No. 232.

233.   RA LLC admits that Janine Nesbit sent Bob Glickman an email.  RA LLC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 234, and on that basis denies those allegations.

234.   RA LLC admits that Janine Nesbit sent Bob Glickman an email.  RA LLC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 234, and on that basis denies those allegations.

235.   RA LLC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 235, and on that basis denies those allegations.

236.   RA LLC denies the allegations in Paragraph No. 236.

237.   RA LLC admits that Robert Arnott was Chairman and CEO of Research Affiliates in July 2006.  RA LLC denies the remaining allegations of Paragraph No. 237.

238.   RA LLC admits that Janine Nesbit met with Bob Glickman. RA LLC lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 238, and on that basis denies those allegations.

239.   RA LLC admits that Janine Nesbit met with Bob Glickman in July 2006 and later that same day had dinner with Bob Glickman.  RA LLC denies the remaining allegations in Paragraph No. 239.

240.   RA LLC admits that Bob Glickman and Robert Arnott exchanged emails in 2007 about the '448 Glickman Application.  RA LLC admits that Paragraph No. 240 correctly quotes isolated sentences from the emails sent by Bob Glickman to Robert Arnott. RA LLC denies the characterizations of the allegations in Paragraph No. 240.

241.   RA LLC denies the allegations in Paragraph No. 241.

242.   RA LLC denies the allegations in Paragraph No. 242.

243.   RA LLC admits that RA LLC met with Bob Glickman in July 2006. RA LLC avers that the '577 Patent and its respective file history speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '577 Patent in Paragraph No. 243.  RA LLC avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 243.  RA LLC denies any remaining allegations in Paragraph No. 243.

244.   RA LLC admits that U.S. patent application No. 11/509,002 issued as the '502 patent, naming Robert Arnott as an inventor, was filed on

August 24, 2006.  RA LLC avers that each Patent-in-Suit and its respective file history speaks for itself as to what they cover, include, relate to and disclose and denies any characterization of the Patents-in-Suit in Paragraph No. 244.  RA LLC denies any remaining allegations in Paragraph No. 244.

245.   RA LLC denies the allegations in Paragraph No. 245.

246.   RA LLC avers that each Patent-in-Suit and its respective file history speaks for itself as to what they cover, include, relate to and disclose and denies any characterization of the Patents-in-Suit in Paragraph No. 246.  RA LLC avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 246.  RA LLC denies any remaining characterizations of the allegations in Paragraph No. 246.

247.   RA LLC admits that the PTO granted claims to RA in the '502 patent.  RA LLC avers that each Patent-in-Suit and its respective file history speaks for itself as to what they cover, include, relate to and disclose and denies any characterization of the Patents-in-Suit in Paragraph No. 247.  RA LLC denies any remaining allegations in Paragraph No. 247.

248.   RA LLC denies the allegations in Paragraph No. 248.

249.   The first sentence of Paragraph No. 249 states legal contentions as to which no responsive pleading is required.  RA LLC admits the remaining allegations in Paragraph No. 249.

250.   The first sentence of Paragraph No. 250 states legal contentions as to which no responsive pleading is required.  RA LLC admits the remaining allegations in Paragraph No. 250.

251.   RA LLC admits that in the Declaration filed in U.S. App. No. 10/961,404 which led to the '719 patent, Ms. Nesbit states that "I have read and am familiar with the presently pending application, including all of the claims of the present pending application," submitted May 26, 2009.  RA LLC lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of Paragraph No. 251.  RA LLC admits the remaining allegations in Paragraph No. 251.

252.   Paragraph No. 252 states legal contentions as to which no responsive pleading is required.

253.   RA LLC admits that Rob Arnott is a named inventor of the patents-in-suit.  RA LLC avers that each Patent-in-Suit and its respective file history speaks for itself as to what they cover, include, relate to, disclose and what they legally represent and denies any characterization of the Patents-in-Suit in Paragraph No. 253.  RA LLC admits that Rob Arnott and Janine Nesbit knew of the '448 Glickman Application before the issuance of the patents-in-suit.  RA LLC avers that the '448 Glickman Application speaks for itself as to what it covers, includes, relates to and discloses and denies any characterization of the '448 Glickman Application in Paragraph No. 253.

254.   RA LLC denies the allegations in Paragraph No. 254.

255.   RA LLC denies the allegations in Paragraph No. 255.

256.   RA LLC denies the allegations in Paragraph No. 256.

257.   RA LLC denies the allegations in Paragraph No. 257.

393.   RA LLC makes no response to the allegations in Paragraph No. 393 as these averments are the subject of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed prior to this pleading.  RA LLC reserves the right to respond to these averments if the Court denies its motion to dismiss.

394.   RA LLC makes no response to the allegations in Paragraph No. 394 as these averments are the subject of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed prior to this pleading.  RA LLC reserves the right to respond to these averments if the Court denies its motion to dismiss.

## **RESERVATION OF RIGHTS**

395.   RA LLC admits that in Paragraph No. 395 Defendants purport to

reserve the right to add additional defenses and/or counterclaims that discovery may reveal, but denies that they are entitled to such reservation.  RA LLC denies any remaining allegations of Paragraph No. 395.

### **PRAYER FOR RELIEF**

RA LLC denies that Defendants are entitled to any declaratory judgment or relief, including but not limited to the relief requested in Paragraphs 1-11 of Defendants' prayer for Relief.


Dated: September 4, 2012        WILSON SONSINI GOODRICH & ROSATI
                                Professional Corporation


                        By:  /s/Natalie J. Morgan
                                David S. Steuer
                                Natalie J. Morgan

                                Attorneys for Plaintiff and Counterdefendant
                                Research Affiliates, LLC

1

**CERTIFICATE OF SERVICE**

2

      The undersigned hereby certifies that a true and correct copy of the above and foregoing

3

document has been served on September 4, 2012 to all counsel of record deemed to have

4

consented to electronic service via the Court's CM/ECF system.

5

      Any other counsel of record will be served by electronic mail and regular mail.

6

                    */s/Natalie J. Morgan*
                    Natalie J. Morgan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28